# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 25-5122**

**September Term, 2025**
FILED ON: AUGUST 4, 2026

CLIMATE UNITED FUND, ET AL.,
    APPELLEES

v.

CITIBANK, N.A.,
    APPELLEE

ENVIRONMENTAL PROTECTION AGENCY AND LEE M. ZELDIN, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY,
    APPELLANTS

———

Consolidated with 25-5123

———

On Petition for Rehearing En Banc

———

Before: SRINIVASAN, *Chief Judge*; HENDERSON*, MILLETT, PILLARD, WILKINS, KATSAS, RAO, WALKER, CHILDS, PAN, and GARCIA, *Circuit Judges*

## J U D G M E N T

These causes came to be heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the portion of the preliminary injunction enjoining EPA Defendants from effectuating EPA's March 11, 2025, "Notice of Termination" ("paragraph two"), *see* J.A. 961, is affirmed, and the remaining portions of the preliminary injunction are affirmed by an equally divided court, *see* D.C. Cir. Rule 40(d).

\*   \*   \*

* Circuit Judge Henderson did not participate in this matter.

Six judges (Judges Millett, Pillard, Wilkins, Childs, Pan, and Garcia) vote to affirm paragraph two of the preliminary injunction based on Plaintiffs' claim that EPA Defendants' actions violated Section 60103 of the Inflation Reduction Act (IRA), Pub. L. No. 117-169, 136 Stat. 1818 (2022). The court affirms that portion of the preliminary injunction because: (1) EPA, in attempting to terminate Plaintiffs' grants and to claw back funds already disbursed into Plaintiffs' bank accounts based solely on a policy disagreement with Section 60103, likely contravened the IRA's mandatory appropriation, and (2) EPA has made no argument or showing that it would not still take those steps if the injunction were lifted.

Judges Pillard, Wilkins, Childs, Pan, and Garcia would affirm the entire preliminary injunction, including paragraph two, because they conclude that Section 60002 of the One Big Beautiful Bill Act (OBBBA), Pub. L. No. 119-21, 139 Stat. 72 (2025), which repealed Section 60103 of the IRA, likely does not affect the applicability of Section 60103 to grant funds that were obligated and disbursed to Plaintiffs at the time of the OBBBA's enactment.

While Judge Millett agrees with affirming paragraph two, she would vacate paragraphs three, four, and six of the preliminary injunction because the OBBBA rescinded Section 60103's dedicated administrative funds, and EPA likely cannot be enjoined to expend other general discretionary funds to continue administering the Section 60103 grants going forward. She would modify paragraph five to require Citibank to keep the funds in Plaintiffs' bank accounts in place pending the district court's determinations as to (i) whether EPA Defendants intend to terminate the primary grantees' grant agreements and enter the contractual closeout process to determine the disposition of their funds, and (ii) the effect of the OBBBA on the sub-grantees' funds as they lack any grant agreement with EPA Defendants.

Four judges (Chief Judge Srinivasan and Judges Katsas, Rao, and Walker) vote to vacate paragraph two of the preliminary injunction because, among other things, Plaintiffs have not demonstrated that a preliminary injunction against effectuating the March 11, 2025, Notices of Termination remains warranted after the OBBBA's repeal of Section 60103 of the IRA: Under those judges' understanding of the repeal, EPA Defendants likely could now take actions to terminate Plaintiffs' grants without violating Section 60103 of the IRA. If not for the OBBBA's repeal of Section 60103 of the IRA, Chief Judge Srinivasan would vote to affirm paragraph two.

The court is equally divided as to whether, following the enactment of the OBBBA, EPA Defendants' authority to suspend or terminate Plaintiffs' grants in the future is limited by both the contractual terms and Section 60103 of the IRA, or only by the contractual terms. The court is also equally divided as to whether any of the remaining grounds underlying the grant of preliminary injunctive relief can provide a basis to affirm the preliminary injunction as the case is presented to us.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk